UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERICK FALCONER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>SSM HEALTH CARE ST. LOUIS d/b/a )<br>SSM ST. MARY'S HEALTH CENTER, )<br>a Missouri non-profit corporation, )<br>)<br>Defendant. ) | Cause No.: 4:09-cv-02060-JCH |

**PROTECTIVE ORDER**
**REGARDING CONFIDENTIAL INFORMATION**

For good cause shown, IT IS HEREBY ORDERED:

Subject to further order of this Court, the following procedures shall govern the production and use of all confidential documents, testimony, and all other such information given by the parties in discovery in the above-captioned case ("Action"):

1.  Any document, testimony, or other information, or any portion thereof, produced in this Action may be designated as "Confidential" ("Confidential Information") by (a) in the case of documents, stamping such document with the legend "CONFIDENTIAL"; or (b) in the case of testimony, by any one of the following means: (i) stating orally on the record of the deposition or the hearing that certain information, testimony, or exhibits are "Confidential"; or (ii) sending written notice designating such information, testimony, or exhibits as "Confidential" within fourteen (14) days of receipt of the final transcript of the testimony.

2.  Any party has the right to challenge a "Confidential" designation and, in the event that the parties cannot agree as to whether the information in fact is confidential, has the right to

present the issue to the Court through an appropriate motion, but will treat such document as "Confidential" until determined otherwise by the Court.

3. Persons entitled to inspect and review any Confidential Information shall be limited to those persons whose review of the information is reasonably necessary for adequate case preparation by counsel for the parties, including, but not limited to Plaintiff, employees and representatives of Defendants, counsel for Plaintiff and Defendants, employees of counsel for Plaintiff and Defendants, experts and/or other witnesses assisting the parties in the preparation of this Action for trial.

4. All persons assisting counsel in preparation of this Action shall be shown a copy of this Protective Order and shall agree to abide by its terms before viewing any Confidential Information.

5. Counsel for the parties shall not exhibit, show, read, or communicate in any other manner the contents of any Confidential Information to any other person, or allow others to do so, except as necessary in the preparation of this Action for trial, with the prior written consent of the producing party, or by order of this Court.

6. In no event shall summaries of any Confidential Information be made or permitted to be made other than the summaries necessary for use in this Action by the parties, counsel for the parties, employees of counsel for the parties, or experts and/or other witnesses assisting Plaintiff and Defendants in the preparation of this Action for trial.

7. Except as agreed in writing by counsel of record, to the extent that any Confidential Information is, in whole or in part, contained in, incorporated in, reflected in, described in, or attached to any pleading, motion, memorandum, appendix, or other judicial filing, counsel shall file that submission under seal with the Court. If any Confidential

Information is filed under seal with the Court, the filing party shall move for an order for a return of such document upon final disposition of this Action.

8. If any Confidential Information is disclosed in violation of this Protective Order, any party who learns of the disclosure, as well as any party who caused, permitted, or was otherwise responsible for the disclosure, shall immediately inform the affected party of all pertinent facts relating to the disclosure, and shall make every reasonable effort to prevent any further disclosure.

9. Upon final disposition of this Action, including every appeal related hereto, any Confidential Information and any and all copies thereof, shall be returned within sixty (60) calendar days to the producing party; provided, however, that counsel may retain their attorney work product and all court-filed documents even though they contain confidential information, but such retained work product and court-filed document shall remain subject to the terms of this Protective Order. In the alternative, either the producing party or the party to whom the production has been made may elect to have any Confidential Information destroyed. At the written request of a party, any person or entity having custody or control of any Confidential Information shall deliver to the party an affidavit certifying that such document and any copies thereof have been destroyed.

10. Plaintiff and Defendants hereby agree that the Court may retain jurisdiction of the matter in regard to the enforcement of the confidentiality provisions mutually agreed to by Plaintiff and Defendants herein.

11. Any non-party producing documents pursuant to subpoena may receive the benefits of and be bound by the terms of this Protective Order by stipulating assent thereto in a writing addressed to counsel for the parties.

12.     Nothing in this Protective Order shall be construed to prevent this Court from disclosing any facts relied upon by it in making or rendering any finding, ruling, order, judgment, or decree of whatever description.

Respectfully submitted,

| HAMMOND AND SHINNERS, P.C. | GREENSFELDER, HEMKER & GALE, P.C. |
|---|---|
| By: /s/ Michael A. Evans<br>Sherrie A. Schroder, #4307<br>Michael A. Evans, #534636<br>7730 Carondelet Avenue, Ste. 200<br>St. Louis, Missouri 63105<br>Telephone: (314) 727-1015<br>Facsimile: (314) 727-6804 | By: /s/ Kathi L. Chestnut<br>Kathi L. Chestnut, #2814<br>klc@greensfelder.com<br>10 South Broadway, Suite 2000<br>St. Louis, Missouri 63102<br>Telephone: (314) 241-9090<br>Facsimile: (314) 241-1265 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

Order to be lifted 7/5/12

**IT IS SO ORDERED:**

_____
The Honorable Jean C. Hamilton

Dated this 4th day of ~~October~~ November, 2010